NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMA BAQUEDANO OYUELA, | No. 16-70049 |
| Petitioner, | No. 24-7090 |
| v. | Agency No. A097-337-669 |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BLUMENFELD,
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] Stanley Blumenfeld, Jr., United States District Judge for the Central District of California, sitting by designation.

Norma Baquedano Oyuela, a native and citizen of Honduras, petitions for review of two decisions by the Board of Immigration Appeals (BIA). In Case No. 16-70049, she challenges the BIA's December 8, 2015 decision dismissing her appeal from an Immigration Judge's (IJ) denial of her first motion to reopen removal proceedings. In Case No. 24-7090, she challenges the BIA's October 24, 2024 decision denying her second motion to reopen. We deny both petitions.

We review the denial of a motion to reopen for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We review factual findings for substantial evidence and legal conclusions, including claims of due process violations, de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc); *Yan Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011).

## I

We first address the petition (No. 16-70049) challenging the BIA's 2015 decision.

## A

The BIA did not abuse its discretion in denying Baquedano's motion to rescind her in absentia removal order based on a lack of notice. A removal order may be rescinded if the noncitizen demonstrates that she did not receive notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii). However, a notice sent by regular mail

creates a presumption of delivery that can be rebutted. *Sembiring v. Gonzales*, 499 F.3d 981, 987–88 (9th Cir. 2007).

Here, the record reflects that the Notice of Hearing (NOH) was mailed to the address provided by Baquedano and was not returned as undeliverable. In her 2014 motion, Baquedano offered only a bare allegation of nonreceipt; she failed to submit an affidavit or other corroborating evidence to rebut the presumption of delivery. Accordingly, the BIA acted within its discretion in finding she received constructive notice. *See Sembiring*, 499 F.3d at 988; *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002).

## B

Baquedano argues that the BIA erred by failing to address her argument that the IJ violated her due process rights by denying her first motion to reopen without giving her an opportunity to file a supplemental brief. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). Any error was harmless, however, because Baquedano failed to demonstrate prejudice. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).

The supplemental brief, which focused on the death of her brother and her fear of returning to Honduras, would not have cured the fatal deficiencies in Baquedano's motion to reopen—specifically, the failure to rebut the presumption

of delivery regarding the NOH, the failure to include the required application for relief, and the failure to provide evidence of changed country conditions. *See* 8 C.F.R. § 1003.23(b)(3). Because the supplemental evidence would not have changed the outcome, Baquedano's due process claim fails.

II

We next consider Baquedano's second petition (No. 24-7090) challenging the BIA's 2024 decision.

A

The BIA did not abuse its discretion in rejecting Baquedano's argument that her in absentia order should be rescinded because her initial Notice to Appear (NTA) lacked the date and time of her hearing. This argument is foreclosed by *Campos-Chaves v. Garland*, 602 U.S. 447 (2024). Under *Campos-Chaves*, rescission of an in absentia order is not warranted despite a defective NTA if the noncitizen subsequently received an NOH informing her of the relevant hearing. *Id.* at 461–62. Because Baquedano received a curative NOH (as established in the prior proceedings), rescission is not warranted.

B

The BIA did not abuse its discretion in denying the second motion to reopen to apply for cancellation of removal on the ground that Baquedano failed to establish prima facie eligibility for relief. *See Magana-Magana v. Bondi,* 129

F.4th 557, 572 (9th Cir. 2025) (applying abuse of discretion standard in the context of a motion to reopen).  To qualify for cancellation of removal, an applicant must demonstrate, among other things, that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative.  8 U.S.C. § 1229b(b)(1)(D).

The BIA did not err in finding that the evidence of Baquedano's daughter's academic struggles during the COVID pandemic and general safety concerns in Honduras did not meet this high standard.  *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1007–08 (9th Cir. 2025) (holding that generalized risk of violence and common hardships do not meet the standard).  Because the failure to establish prima facie eligibility is dispositive, we need not address Baquedano's arguments regarding equitable tolling or the timeliness of her motion.

**PETITIONS DENIED.**